## CIRCUIT COURT OF FAIRFAX COUNTY

In re Estate of
Mary Ellen Miller

July 13, 1990

Case No. (Fiduciary) 31707

By JUDGE MICHAEL P. McWEENY

This matter comes before the Court upon the filing of exceptions to the Commissioner's Report of Proof of Debts and Demands by the Executor of the Estate of Mary Ellen Miller. For the reasons set forth below, the findings in the Commissioner's Report are sustained.

The conclusions stated in a Commissioner's Report should not be upset unless it plainly appears from a full and fair review according to correct principles of law that the weight of the evidence is contrary to the findings stated in the report. Cf. *Hoffecker v. Hoffecker*, 200 Va. 119, 125 (1958) (findings of a Commissioner in Chancery); Va. Code §§ 8.01-610; 26-33.

The estate contends that Exhibit 1 was not properly authenticated and fails to meet the evidentiary requirements of admissibility under the "Shopbook Rule" because the witness lacked personal knowledge of the record. The Commissioner found Exhibit 1, although hearsay, was a copy of a bill for supplies and services provided to the decedent and reliable evidence of the amount due the claimant.

By statute, a photocopy of a record is admissible in any court to the same extent the original record is admissible. Va. Code § 8.01-413.

In reaching his decision, the Commissioner relied upon the testimony of claimant's witness whose responsibilities as a hospital employee included verification of hospital billings. The witness also testified from personal

knowledge concerning an audit using a copy of a copy of the original bill. On cross-examination, the witness further explained Exhibit 1 was a copy of the original bill generated five days after a patient is discharged; however, she had no knowledge of the original bill.

Although the "Shopbook Rule" is generally limited to evidentiary facts within the personal knowledge of the witness, lack of personal knowledge does not exclude admission of recorded evidence, provided there are circumstantial guarantees of trustworthiness. See *Frye v. Commonwealth*, 231 Va. 370, 387 (1986). The trustworthiness or reliability of the records are guaranteed by the regularity of their preparation and the fact that the records are relied upon in the transaction of business by the entity for which they are kept. *Id.*; *accord*, *Ashley v. Commonwealth*, 220 Va. 705, 708 (1980). In the Court's opinion, Exhibit 1 is admissible as evidence in that the testimony of the witness was sufficient as to establish the regular preparation and claimant's reliance upon patient billing records.

In considering the testimony of the witness based upon her personal knowledge, the results of an audit using a copy of a copy of the original hospital bill against hospital administrative records, the absence of any challenge by the estate to any single item listed on the billing, and the absence of any evidence to the effect the original bill was not rendered and received, the Court is persuaded that the findings of the Commissioner are consistent with the weight of the evidence, and that Exhibit 1 is admissible under the exception to the Hearsay Rule.